**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEMPSEY LEVINS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:04CV728LG-RHW** |
| | § | |
| **CITY OF GULFPORT, MISSISSIPPI,** | § | **DEFENDANTS** |
| **and THOMAS SMITH** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT**
**CITY OF GULFPORT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion to Dismiss Amended Complaint, or, in the alternative, for Summary Judgment by the City of Gulfport. Thomas Smith, in his official capacity, moved for and was granted joinder in the City's Motion. [1] *See Docket ## 30, 41.* Plaintiff filed a collective response to all Motions on May 20, 2005. [2] On June 14, 2005, a rebuttal was filed. In addition, on June 15, 2005, the City filed a Motion to Strike Documents, including the Affidavit of Carlton Ray Harmon, submitted in connection with Plaintiff's Response. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and Mississippi state law. After review of the instant Motion, Plaintiff's response, the rebuttal, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that the Motion for Summary Judgment filed by the City should be granted for the reasons that

---

[1] The Court notes that there is no summary judgment evidence demonstrating that Thomas Smith was an official policy maker; therefore he cannot be liable in an "official capacity." *See City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), *citing Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986).

[2] Levins's response is to the instant motion for summary judgment as well as the motion for summary judgment filed by Defendant Thomas Smith in his individual capacity.

follow.   The Court further finds that the Motion to Strike filed by the Defendants should be

denied.

FACTS AND PROCEDURAL HISTORY

On January 21, 2002, before midnight, Plaintiff Dempsey Levins was traveling

westbound on 28th Street in Gulfport, Mississippi.  Officer Thomas Smith was on patrol in the

vicinity and displayed his blue lights for Plaintiff to stop and pull over.   According to the

Plaintiff, after he exited his vehicle, Officer Smith began shouting profanities at him to return

to his vehicle.  The facts also reveal that Plaintiff returned profanities at Officer Smith.

According to Plaintiff's complaint and arguments, Smith began his assault by using pepper

spray, Smith then charged Plaintiff, tackled him to the ground and started choking him.  After

Levins was face down on the ground and Smith was sitting on top of him, Smith grabbed

Plaintiff's arm, twisted it and then struck Plaintiff in the head with a flash light.  Plaintiff's

injuries included a broken arm, broken left ribs, a facial laceration that required 16 stitches and

various bruising. Plaintiff also claims emotional and mental distress.

Plaintiff received citations for DUI, Careless Driving and Speeding.  He was found

guilty on all three misdemeanor charges in Municipal Court.  Levins exercised his right to a de

novo appeal in County Court.  After a trial before Judge Midcalf, Levins was found guilty of

Careless Driving and Speeding.  Judge Midcalf adjudicated Levins not guilty of the DUI.  In

addition, Plaintiff was indicted for assaulting a police officer by a Harrison County Grand Jury.

He was tried before a jury and found not guilty of the offense.

Plaintiff filed a complaint against the City of Gulfport and Thomas Smith on September

20, 2004, pursuant to 42 U.S.C. § 1983, claiming violation of his constitutional rights.

-2-

Plaintiff alleges that he was subjected to excessive force during his arrest.  Plaintiff further claims that he was subjected to a malicious prosecution in violation of his Fourteenth Amendment rights.   Plaintiff moved this Court to Amend his Complaint to assert additional state law claims of negligence, civil conspiracy, and malicious prosecution, which was granted by order dated March 28, 2005.

The City filed the instant Motion asserting that there are no genuine issues of material fact surrounding Plaintiff's arrest and prosecution; therefore the City is entitled to Judgment as a Matter of Law on all of Plaintiff's claims.

DISCUSSION

SUMMARY JUDGMENT STANDARD:

The City moves to dismiss the above captioned cause stating in general terms that Plaintiff has failed to assert a proper claim for relief under § 1983 against the City and its officers, in their official capacities.   Defendants style the instant Motion as one to "Dismiss Amended Complaint Pursuant to FED. R. CIV. P. 12 or 56 and/or Other Grounds."   However, because both parties have tendered evidence outside the pleadings, the Court will analyze the instant Motions under FED. R. CIV. P. 56.  "Where matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  FED. R. CIV. P. 12(b)(6).  If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54.  The nonmovant cannot discharge this burden by

referring to the mere allegations or denials of the nonmoving party's pleadings; rather, the nonmovant must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.  *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R. CIV. P. 56(e).  If the nonmovant fails to present evidence showing that a genuine issue of material facts exists, then "the motion for  summary judgment must be granted."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Plaintiff has likewise tendered exhibits in the form of affidavits and state court record excerpts.  Therefore, the Court will examine the instant motions under the standard enumerated by Rule 56.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.  "Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby,* 477 U.S. 242,

251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

§1983 AND EXCESSIVE FORCE

Municipal liability under section 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Cox v. City of Dallas, TX.,* 430 F.3d 734, 748  (5th Cir. 2005).  Additionally, a plaintiff must prove that the municipality acted with conscious indifference to the rights of the plaintiff. *Languirand v. Hayden,* 717 F.2d 220, 227-28 (5th Cir.1983).   "A municipality may be held liable under section 1983 for a deprivation of rights protected by the Constitution or federal law only if that deprivation is inflicted pursuant to an official, municipal policy. Such a policy may include 'a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.' *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)(*citing Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984).

Plaintiff claims that the City of Gulfport has in place, a policy and custom whereby charges are "stacked" against individuals who have been subjected to excessive force during an arrest by a City of Gulfport police officer.  Plaintiff alleges a policy and custom exists in the City of Gulfport that protects officers who utilize excessive force by maliciously prosecuting assault charges against those individuals subjected to excessive force.  However, evidence of one incident is insufficient to establish the existence of a policy implemented and adopted by the City of Gulfport.  Plaintiff has failed to identify an actual policymaker or an official policy that condones or authorizes unlawful and false arrests, stacking of charges, excessive force or any other constitutional violation.   Plaintiff also fails to provide evidence of a widespread practice of relevant constitutional violations that would amount to a custom

-5-

constituting official policy.  *See Pope v. Kallas* 2006 WL 130307, *3 (S.D. Miss. 2006).

Consequently, the Motion for Summary Judgment filed by the City should be granted on

Plaintiff's excessive force claim.

§1983 AND MALICIOUS PROSECUTION

      Plaintiff Levins claims that Officer Smith procured the Plaintiff's indictment through

false statements and reports in an attempt to cover his misconduct.  Plaintiff contends that the

acts involved in the malicious prosecution are violative of his Fourth Amendment right to be

free from wrongful prosecution and his Fourteenth Amendment procedural and substantive due

process rights.  *¶ XI, XII and XIV of Plaintiff's Complaint.*

      Under Mississippi law, the elements of the tort of malicious prosecution are:

      (1) The institution of a proceeding

      (2) by, or at the insistence of the defendant

      (3) the termination of such proceedings in the plaintiff's favor

      (4) malice in instituting the proceedings

      (5) want of probable cause for the proceedings

      (6) the suffering of injury or damage as a result of the prosecution.

*Condere Corp. v. Moon,* 880 So.2d 1038, 1042 (Miss. 2004).

      The record in this case reveals the following undisputed facts: 1) the charges were filed

against Plaintiff some time after Plaintiff was handcuffed on the night of January 21, 2002, and

2) Plaintiff was convicted of driving under the influence, speeding and careless driving in

municipal court and a *de novo* trial on these same charges resulted in findings of guilty on the

speeding and careless driving charges and not guilty on the DUI charge.  In addition, the

verdict issued by the Harrison County Circuit Court states: "We the jury, find the Defendant,

Dempsey Charles Levins, Not Guilty of Simple Assault on a Peace Officer.  We cannot reach a

unanimous decision on the lesser charge of resisting arrest." *Exhibit F to Plaintiff's Response to

Motions for Summary Judgment*.    Plaintiff has failed to establish that the termination of the

charges against him resulted in his favor.

In *Figgs v. Vrazel,* 106 Fed.Appx. 260, 261 (5th Cir. 2004), the Fifth Circuit

unequivocally stated that "[t]here is no longer a freestanding section 1983 claim for malicious

prosecution" so that a claim against a municipality for malicious prosecution based on an

allegation that criminal proceedings were initiated without probable cause fails to state a claim

under 42 U.S.C. § 1983.   In its reasoning, the Court relied on its earlier decision rendered in

*Castellano v. Fragozo:*

> To the point, causing charges to be filed without probable cause will not without
> more violate the Constitution. So defined, the assertion of malicious prosecution
> states no constitutional claim. It is equally apparent that additional government
> acts that may attend the initiation of a criminal charge could give rise to claims of
> constitutional deprivation. The initiation of criminal charges without probable
> cause may set in force events that run afoul of explicit constitutional protection--
> the Fourth Amendment if the accused is seized and arrested, for example, or other
> constitutionally secured rights if a case is further pursued.

*Castellano v. Fragozo,* 352 F.3d 939, 953-954 (5th Cir. 2003).

In the case at bar, Mr. Levins  was arrested and detained, i.e., "seized," allegedly in violation of

the Fourth Amendment.   He was issued three citations [charged by affidavit] and subsequently

indicted by a Grand Jury on the assault charge.   Not only has Levins failed to state a claim for

malicious prosecution as discussed above, the Court also concludes that Officer Smith had

probable cause to arrest and issue at least some of the charges levied against Mr. Levins.

"Probable cause is determined from the facts apparent to the observer when the prosecution is initiated" and "requires both (1) a subjective element-an honest belief in the guilt of the person accused, and (2) an objective element-reasonable grounds for such belief." *McClinton,* 792 So.2d at 973. "Probable cause is determined from the facts apparent to the observer when prosecution is initiated. When the facts are undisputed, it is the function of the court to determine whether or not probable cause existed." *Brabham v. O'Reilly Automotive*, *Inc*. 438 F.Supp.2d 680, 683 (N.D. Miss. 2006)(citations omitted).

Moreover, the Fifth Circuit has held that once "facts supporting an arrest are placed before an independent intermediary such as a ... grand jury, the intermediary's decision breaks the chain of causation" for these constitutional violations. *Shields v. Twiss* 389 F.3d 142, 150 (5th Cir. 2004), *quoting Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994) (*citing Wheeler v. Cosden Oil & Chem. Co.,* 744 F.2d 1131, 1132 (5th Cir. 1984)); *see also Figgs,* 106 Fed.Appx. at 261. In the present case, the record reflects that Levins was indicted by a grand jury on the assault charge and adjudicated guilty on the speeding and careless driving charges; therefore, Plaintiff has failed, as a matter of law,  to establish the requisite elements for a malicious prosecution claim.  The City is entitled to summary judgment on this claim.

STATE LAW CLAIMS

Federal court jurisdiction over supplemental state claims is governed by 28 U.S.C. § 1367, which provides that: "[i]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution." *28 U.S.C. § 1367(a)* (Supp.1992).  The record clearly indicates that all of Plaintiff's claims derive from the events on night of January 21, 2002.  Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims which include: 1) negligence; 2) malicious prosecution; and 3) civil conspiracy.

The Defendants move for summary judgment on all of Plaintiff's state law claims and in support rely on the Mississippi Tort Claims Act which is the exclusive civil remedy against a governmental entity or its employees for tortious acts or omissions which give rise to a suit. *See* MISS. CODE ANN. § 11-46-1. *et seq.* (Rev. 2002); *Elkins v. McKenzie,* 865 So.2d 1065, 1078 (Miss. 2003); *City of Tupelo v. Martin,* 747 So.2d 822, 826 (Miss. 1999); *Pickens v. Donaldson,* 748 So.2d 684, 687 (Miss. 1999).  Mississippi Code § 11-46-9, provides in part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ...
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

CIVIL CONSPIRACY

At the outset the Court notes that in accord with ¶ XX of Plaintiff's complaint, the City is not named as a Defendant in this count.  Accordingly, the City's Motion is moot as to Plaintiff's civil conspiracy claim.

NEGLIGENCE

The Plaintiff claims that the City was negligent in its supervision and failure in training of Officer Smith and other Gulfport police officers.  Plaintiff further claims that these negligent

actions were tantamount to a reckless disregard for Plaintiff's rights, safety and well-being.

"Failure to train must constitute gross negligence amounting to conscious indifference, and that a municipality is not liable under section 1983 for the negligence or gross negligence of its subordinate officials, including its chief of police, in failing to train the particular officer in question, in the absence of evidence at least of a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force."

*Languirand v. Hayden,* 717 F.2d 220, 227 -228 (5th Cir. 1983).   In the present case, Plaintiff has failed to tender evidence that supports his claim that other citizens were subjected to "stacking of charges" in order to justify excessive force during arrests; there has been no evidence addressing the sufficiency of training; and there is no evidence of general incompetence or misbehavior in the Gulfport Police Department.  Plaintiff has therefore failed to tender evidence to support his claim of negligence against the City of Gulfport.

MALICIOUS PROSECUTION

Plaintiff asserts a malicious prosecution claim under state law.  The City relies on Section 11-46-9 of the Mississippi Code which provides in part:

**§ 11-46-9. Governmental entities and employees; exemption from liability**
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(a) Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;
(b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid;
(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person

-10-

not engaged in criminal activity at the time of injury;
*Miss. Code Ann. § 11-46-9*

The record reflects that Levins was indicted by a grand jury on the assault charge and adjudicated guilty on the speeding and careless driving charges; therefore, he was engaged in criminal activity and his state law claims are barred by § 11-46-9(1)(c). For the reasons heretofore given by the Court, the City's Motion for Summary Judgment should be granted on this claim.

<u>CONCLUSION</u>

After reviewing all of the summary judgment evidence, the Court finds that Plaintiff has failed to create a genuine issue of material fact as to the existence of a policy of initiating charges without probable cause that was implemented or executed by the City of Gulfport. After review of all the summary judgment evidence, the Court finds that the City of Gulfport is entitled to judgment as a matter of law on Plaintiff's claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the Court finds that Motion for Summary Judgment filed by the City of Gulfport on April 18, 2005, [28-1] should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, for the foregoing reasons, the Court finds that the Motion to Strike Documents filed by the City of Gulfport, and joined by Thomas Smith, on June 15, 2005, [37-1] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-11-