IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEMPSEY LEVINS** | § | **PLAINTIFF** |
| | § | |
| v. | § | **Civil Action No. 1:04CV728LG-RHW** |
| | § | |
| **CITY OF GULFPORT, MISSISSIPPI,** | § | **DEFENDANTS** |
| **and THOMAS SMITH** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT
THOMAS SMITH'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion to Dismiss Amended Complaint, or, in the alternative, for Summary Judgment filed April 18, 2005 by Defendant Thomas Smith. Plaintiff filed a collective response to all Motions on May 20, 2005.[1] On June 14, 2005, a rebuttal was filed. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and Mississippi state law. After review of the instant Motion, Plaintiff's response, the rebuttal, the pleadings on file, and the relevant legal authorities, the Court finds that the Motion for Summary Judgment filed by Thomas Smith should be granted in part and denied in part as set forth hereinafter.

FACTS AND PROCEDURAL HISTORY

The Court previously set forth the factual and procedural history of this case in a memorandum opinion granting Defendant City of Gulfport's motion for summary judgment. Therefore, it is not necessary for the undersigned to restate the history in this opinion; instead,

---

[1] Levins's response is to the instant motion for summary judgment as well as the motion for summary judgment filed by Defendant Thomas Smith in his individual capacity.

the undersigned incorporates by reference to that opinion the factual and procedural history of the case.  In addition, the Court will incorporate the facts by reference to previous opinions entered by the undersigned in this cause.  Only the facts necessary for the resolution of the issues raised by the movant and respondent will be included in this opinion.

## DISCUSSION

SUMMARY JUDGMENT STANDARD:

Defendant Smith moves to dismiss the above captioned cause stating in general terms that Plaintiff has failed to assert a proper claim for relief under § 1983 and state law.  Defendant styles the instant Motion as one to "Dismiss Amended Complaint Pursuant to FED. R. CIV. P. 12 or 56 and/or Other Grounds and Assertion of Immunity Defense."   However, because both parties have tendered evidence outside the pleadings, the Court will analyze the instant Motions under FED. R. CIV. P. 56.  "Where matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  FED. R. CIV. P. 12(b)(6).  If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54.  The nonmovant cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's pleadings; rather, the nonmovant must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.  *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106

S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R. CIV. P. 56(e). If the nonmovant fails to present evidence showing that a genuine issue of material facts exists, then "the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Plaintiff has likewise tendered exhibits in the form of affidavits and state court record excerpts. Therefore, the Court will examine the instant motions under the standard enumerated by Rule 56.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

§1983 AND EXCESSIVE FORCE

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

For the purposes of a summary judgment determination, all fact questions are viewed in

the light most favorable to the nonmovant. *Aucoin v. Haney,* 306 F.3d 268, 271 (5th Cir. 2002). In order to determine whether qualified immunity applies, a court must first determine whether the plaintiff has asserted a violation of a constitutional right. *Siegert v. Gilley,* 500 U.S. 226, 231 (1991).  This determination is made using currently applicable constitutional standards. *Nerren v. Livingston Police Department,* 86 F.3d 469, 473 (5th Cir. 1996).   Secondly, the Court must then decide if the defendant's conduct was objectively reasonable, using the standards applicable at the time the events occurred. *Id; see also Goodson v. City of Corpus Christi,* 202 F.3d 730, 735 (5th Cir. 2000); *Johnston v. City of Houston,* 14 F.3d 1056, 1059 (5th Cir. 1994).  If, upon viewing the evidence in the light most favorable to the nonmovant, reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Southard v. Texas Bd. of Criminal Justice,* 114 F.3d 539, 550 (5th Cir.1997); *Johnston v. City of Houston,* 14 F.3d at 1059; *Anderson v. Creighton,* 483 U.S. 635, 639 (1987), *citing Pfannstiel v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir. 1990).  "Qualified, or 'good faith' immunity, shields officials from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999); *see also Chiu v. Plano Independent School Dist.,* 260 F.3d 330, 342 (5th Cir. 2001).

Levins asserts that he was subjected to excessive force while he was arrested by Defendant Smith.   Excessive force claims "arising in the context of an arrest or investigatory stop of a free citizen by a law enforcement officer should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . .." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).  "The 'reasonableness' of a particular use of force must be judged from the perspective of

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. To state a claim for imposition of excessive force, Plaintiff must show that he: (1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable. *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998); *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir. 1989).

A "significant injury" need not be established; however, Plaintiff must claim at least some kind of injury which must be more than a *de minimis* injury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999); *Hudson v. McMillian*, 503 U.S. 1, 10 (1992). A plaintiff must have encountered more force than "the mere technical battery that is inextricably a part of any arrest" to advance a claim for excessive force. *Nemeckay v. Rule*, 894 F. Supp. 310, 315 (E.D. Mich. 1995); *see Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied* 507 U.S. 926 (1993). The evidence before the Court demonstrates that Plaintiff was stopped for traffic violations and ultimately suffered substantially more than a *de minimis* injury. Levins has established injury in the form of medical evidence of broken bones and a laceration that required 16 stitches. Levins was taken to the hospital and photos evidencing his injuries have been tendered to the Court. The Court finds that Levins has adequately alleged the violation of a clearly established right as against Officer Smith.

The next phase of the inquiry is to determine whether Smith's conduct was objectively reasonable, whether the right was clearly established such that it would be clear to a reasonable officer under the circumstances that his actions were unlawful. *Price* at *3.
In the Court's opinion, the action of administering pepper spray, tackling and choking Levins,

coupled with using force that lead to a broken arm, broken ribs and a laceration requiring 16 stitches cannot be found reasonable as a matter of course.

With regard to the second and third elements, the Court finds that Plaintiff has set forth specific evidence demonstrating a material issue regarding the reasonableness of the force exerted by Smith to effectuate Levins's arrest which preclude this Court from granting summary judgment.  In addition, the Court finds that Levins has stated a claim for excessive force against Officer Smith sufficient to overcome the defense of qualified immunity.

§1983 AND MALICIOUS PROSECUTION

Plaintiff Levins claims that Officer Smith procured the Plaintiff's indictment, through false statements and reports, in an attempt to cover his misconduct.  Plaintiff contends that the acts involved in the malicious prosecution are violative of the Fourteenth Amendment procedural and substantive due process rights.  *¶ XI, XII and XIV of Plaintiff's Complaint.*  Under Mississippi law, the elements of the tort of malicious prosecution are:

   (1) The institution of a proceeding

   (2) by, or at the insistence of the defendant

   (3) the termination of such proceedings in the plaintiff's favor

   (4) malice in instituting the proceedings

   (5) want of probable cause for the proceedings

   (6) the suffering of injury or damage as a result of the prosecution.

*Condere Corp. v. Moon,* 880 So.2d 1038, 1042 (Miss. 2004).  The record in this case reveals the following undisputed facts: 1) the charges were filed against Plaintiff some time after Plaintiff was handcuffed on the night of January 21, 2002, and 2) Plaintiff was convicted of

driving under the influence, speeding and careless driving in municipal court and a *de novo* trial on these same charges resulted in findings of guilty on the speeding and careless driving charges and not guilty on the DUI charge. In addition, the verdict issued by the Harrison County Circuit Court on the felony assault charge states: "We the jury, find the Defendant, Dempsey Charles Levins, Not Guilty of Simple Assault on a Peace Officer. We cannot reach a unanimous decision on the lesser charge of resisting arrest." *Exhibit F to Plaintiff's Response to Motions for Summary Judgment*. The record reflects that Plaintiff has failed to establish the third element in that termination of each and every proceeding did not result in his favor.

In *Figgs v. Vrazel,* 106 Fed.Appx. 260, 261 (5th Cir. 2004), the Fifth Circuit unequivocally stated that "[t]here is no longer a freestanding section 1983 claim for malicious prosecution" so that a claim against a municipality for malicious prosecution based on an allegation that criminal proceedings were initiated without probable cause fails to state a claim under 42 U.S.C. § 1983. In its reasoning, the Court relied on its earlier decision rendered in *Castellano v. Fragozo:*

> To the point, causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim. It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation. The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection-- the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued.

*Castellano v. Fragozo,* 352 F.3d 939, 953-954 (5th Cir. 2003).

In the case at bar, Mr. Levins was arrested and detained, i.e., "seized," allegedly in violation of the Fourth Amendment. He was issued three citations [charged by affidavit] and subsequently

indicted by a Grand Jury on the assault charge.   Not only has Levins failed to state a claim for malicious prosecution as discussed above, the Court also concludes that Officer Smith had probable cause to arrest and issue at least some of the charges levied against Mr. Levins. "Probable cause is determined from the facts apparent to the observer when the prosecution is initiated" and "requires both (1) a subjective element-an honest belief in the guilt of the person accused, and (2) an objective element-reasonable grounds for such belief." *McClinton,* 792 So.2d at 973. "Probable cause is determined from the facts apparent to the observer when prosecution is initiated. When the facts are undisputed, it is the function of the court to determine whether or not probable cause existed." *Brabham v. O'Reilly Automotive*, *Inc*. 438 F.Supp.2d 680, 683 (N.D. Miss. 2006)(citations omitted).

Moreover, the Fifth Circuit has held that once "facts supporting an arrest are placed before an independent intermediary such as a ... grand jury, the intermediary's decision breaks the chain of causation" for these constitutional violations. *Shields v. Twiss* 389 F.3d 142, 150 (5th Cir. 2004), *quoting Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994) (*citing Wheeler v. Cosden Oil & Chem. Co.,* 744 F.2d 1131, 1132 (5th Cir. 1984)); *see also Figgs,* 106 Fed.Appx. at 261.

In the present case, the record reflects that Levins was indicted by a grand jury on the assault charge and adjudicated guilty on the speeding and careless driving charges; therefore, Plaintiff has failed, as a matter of law,  to establish the requisite elements for a malicious prosecution claim.  Therefore, Defendant's Motion for Summary Judgment should be granted on this claim.

STATE LAW CLAIMS

Federal court jurisdiction over supplemental state claims is governed by 28 U.S.C. §

1367, which provides that: "[i]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *28 U.S.C. § 1367(a)* (Supp.1992). The record clearly indicates that all of Plaintiff's claims derive from the events on the night of January 21, 2002. Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims which include: 1) negligence; 2) malicious prosecution; and 3) civil conspiracy.

CIVIL CONSPIRACY

Plaintiff alleges that Smith and other officers entered into a scheme to secure a assault conviction against him which was characterized by filing false charges against him. The Court has reviewed the evidence in connection with this claim, including the affidavit by Ray, and finds that Plaintiff cannot establish participation in a conspiracy. *See Stringer v. Alben,* 89 Fed.Appx. 449, 452 (5th Cir. 2004)(allegations of conspiracy to violate civil rights was conclusory and insufficient to defeat summary judgment). Levins is entitled to judgment as a matter of law on this claim.

MALICIOUS PROSECUTION

Plaintiff asserts a malicious prosecution claim under state law against Smith in his individual capacity claiming that Officer Smith procured the Plaintiff's indictment, through false statements and reports, in an attempt to cover his misconduct. Plaintiff asserts a malicious prosecution claim under state law. Section 11-46-9 of the Mississippi Code provides in part:

> **§ 11-46-9. Governmental entities and employees; exemption from liability**
> (1) A governmental entity and its employees acting within the course and scope of their

> employment or duties shall not be liable for any claim:
> (a) Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;
> (b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid;
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;

MISS. CODE ANN. § 11-46-9.

In the present case, the record reflects that Levins was indicted by a grand jury on the assault charge and adjudicated guilty on the speeding and careless driving charges; therefore, he was engaged in criminal activity and his state law claims are barred by § 11-46-9(1)(c). For the reasons set forth in the memorandum opinion and order granting the City of Gulfport's Motion for Summary Judgment, entered on this day, the Court once more finds that Plaintiff has failed, as a matter of law, to establish the requisite elements of a malicious prosecution claim. Smith's Motion for Summary Judgment should be granted on this claim.

NEGLIGENCE

The first amended complaint fails to assert allegations against or actions on the part of Thomas Smith in his individual capacity; therefore, there are no issues of material fact and Defendant is entitled to judgment as a matter of law on this claim. *See generally Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002)(Plaintiff must allege specific conduct giving rise to constitutional violation which requires more than conclusory assertions: plaintiff must allege specific facts giving rise to a constitutional violation.

CONCLUSION

After reviewing all of the summary judgment evidence, the Court finds that there remains a material fact question as to whether the actions on the part of Officer Thomas Smith amount to the use of excessive force.  The Plaintiff's version of the events of January 21, 2002, in both his complaint, his testimony during the state court proceedings and in his response to the instant motion markedly differ from that of the Defendant.  After review of all the summary judgment evidence, the Court finds that there are material questions of fact remaining that preclude the grant of summary judgment on Plaintiff's claims of excessive force.  Finally, the Court finds that Defendant is entitled to judgment as a matter of law on Plaintiff's malicious prosecution claim and his remaining state claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the Court finds that Motion for Summary Judgment filed by Thomas Smith on April 18, 2005, [30-1] should be and is hereby **DENIED** as to Plaintiff's excessive force claim.  The Court further finds that Motion for Summary Judgment filed by Thomas Smith should be and is hereby **GRANTED** as to Plaintiff's remaining claims.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE