IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEMPSEY LEVINS** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV728-LG-RHW** |
| | § | |
| **THOMAS SMITH** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO ASSERT QUALIFIED IMMUNITY AND TO DISMISS
PURSUANT TO FED. R. CIV. P. 56 OR OTHER GROUNDS**

BEFORE THIS COURT is Defendant Thomas Smith's Motion to Assert Qualified Immunity and to Dismiss Pursuant to Federal Rule of Civil Procedure 56 or Other Grounds [117], filed July 24, 2007. Plaintiff Dempsey Levins initiated this action alleging excessive force in the course of his arrest by Smith. Smith argues that he is immune from suit and he did not use excessive force. The Court has considered the parties' briefs, the record, and the relevant legal authority. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

The Court previously set forth the facts and procedural history of this case in the [43] Memorandum Opinion and Order Granting Defendant City of Gulfport's Motion for Summary Judgment on September 29, 2006. The Court incorporates by reference the facts and procedural history as set forth in that opinion and other opinions previously entered in this case. Any additional facts will be stated as necessary.

Over a year ago, the Court denied Smith summary judgment on the issues of excessive force and qualified immunity. (Mem. Op. & Order Den. in Part Smith's Summ. J. Mot. at 6). Smith moves again for summary judgment as to these issues on the same grounds, although he

claims to have new evidence. In addition, he raises one new argument. Specifically he argues that the *Heck* doctrine bars the instant litigation as there is a possibility that Levins could be tried for resisting arrest.

## DISCUSSION

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

ADDITIONAL EVIDENCE

The additional evidence that Smith presents in support of this second motion for summary judgment consists of, *inter alia*, the parties' deposition excerpts, and expert

affidavits.  Moreover, in evaluating this evidence, Smith asks this Court to reject Levins's credibility and accept Smith's.  This is a jury function.  The additional evidence does nothing to change the Court's holding that:

> [T]he action of administering pepper spray, tackling and choking Levins, coupled with using force that lead to a broken arm, broken ribs, and a laceration requiring 16 stitches cannot be found reasonable as a matter of course.
>
> . . . [Levins] has set forth specific evidence demonstrating a material issue regarding the reasonableness of the force exerted by Smith to effectuate Levins's arrest which preclude this Court from granting summary judgment.  In addition, the Court finds that Levins has stated a claim for excessive force against Officer Smith sufficient to overcome the defense of qualified immunity.

(Mem. Op. & Order Den. in Part Smith's Summ. J. Mot. at 6.)

However, part of the new evidence is Dr. James C. Thriffiley, IV's affidavit that disputes the cause of Levins's broken arm.  Based on the affidavit, Smith argues he did not cause this injury.  First, as set forth above, there is evidence that Levins suffered numerous other injuries at Smith's hands.  Secondly, Levins testified that Smith broke Levins's arm with Smith's own hands.  Dr. Thriffiley opines that Levins's arm broke "as the result of a fall onto his outstretched arm. . . .  when [Smith] tackled Mr. Levins and they both fell to the ground." (Thriffiley Aff. at 4.)  It is therefore undisputed that Smith caused the broken arm.  The particular manner in which Levins's injury occurred is a matter for the jury.

THE *HECK* DOCTRINE

Finally, Smith argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the excessive force claim, because there is the possibility that Levins may be convicted of resisting arrest sometime in the future.

The *Heck* doctrine provides:

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render *a conviction or sentence* invalid, a § 1983 plaintiff must prove that the *conviction or sentence* has been reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the *conviction or sentence* has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any *outstanding criminal judgment* against the plaintiff, the action should be allowed to proceed. . . ."

*Heck*, 512 U.S. at 486-87 (emphasis added). Contrary to Smith's arguments, the *Heck* doctrine does not apply to "*an anticipated future conviction*" or pending criminal matters. *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007); *Deleon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007).

For example, in *Wallace*, the defendant was arrested for first degree murder. *Wallace*, 127 S.Ct. at 1094. After the state court ordered a new trial, the prosecutors dropped the charges. *Id.* Wallace then filed a section 1983 action for false arrest. *Id.* The Court held the *Heck* doctrine applies "only when there exists 'a conviction or sentence.'" *Id.* at 1097-98. If the plaintiff files a 1983 claim "before he has been convicted . . . it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . [O]therwise, the civil action will proceed." *Id.* at 1098. Because "there was in existence no criminal conviction that the cause of action would impugn; indeed, there may not even have been an indictment," *Heck* did not bar Wallace's tort claim. *Id.*

Levins was never convicted of nor indicted for resisting arrest. It is undisputed that no belated resisting arrest case is being pursued by the state at this time, and "the intentions of the District Attorney are unknown" as to whether such a case will ever be brought before a jury.

4

(Def.'s Second Summ. J. Mot. at 10.)  Neither a dismissal nor a stay is appropriate in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, Defendant Smith's motion for summary judgment is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2007.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE